1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

KEINYATEY CHAMBERS,

12

Plaintiff,

13

v.

14

BRENDA CASH,

15

Defendant.

16

No.  2:12-cv-02855 TLN AC

FINDINGS AND RECOMMENDATIONS

17          Petitioner is a former state prisoner proceeding pro se with an application for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  The action proceeds on the petition filed November

19    11, 2012,[1] ECF No. 1, which challenges petitioner's 2011fraud conviction.  Respondent has

20    answered, ECF No. 12, and petitioner has filed a traverse, ECF No. 14.

21                                      BACKGROUND

22          On June 13, 2011 in Sacramento County, pursuant to a plea bargain, petitioner pled no

23    contest to one felony count of obtaining money or property by false means with intent to defraud,

24    in violation of Cal. Penal Code § 532(a).  ECF No. 1 at 55 (abstract of judgment).[2]  Petitioner

25
26

[1]  Pursuant to Houston v. Lack, 487 U.S. 266, 276 (1988), petitioner's applications for relief are
deemed filed on the date they were submitted to prison authorities for mailing.  All subsequent
references to the filing dates of petitioner's applications for relief refer to the dates indicated on

27    the proofs of service, rather than the dates the applications were docketed in the courts.
[2]  Citations to court documents refer to the page numbers assigned by the court's electronic

28    docketing system.

1

1    admitted that he took property exceeding $200,000 in value, as alleged under Cal. Penal Code §

2    12022.6(a)(2).  He was sentenced to five years in prison.  Id.; see also ECF No. 1 at 62-63

3    (transcript of change of plea hearing).  Pursuant to the plea bargain, petitioner was ordered to pay

4    restitution to the victim of the count to which he pled, as well as to additional victims not named

5    in the complaint but whose identities were discovered during the course of the investigation into

6    petitioner's offense(s).  Id. at 60, 63.  An indecent exposure charge, carrying a sex offender

7    registration requirement, was dismissed.  Id. at 64 (dismissal of additional counts), 67 (Amended

8    Complaint).  Unspecified pending misdemeanors were also dismissed.  Id. at 59, 64.

9         There was no appeal.

10         On May 23, 2012, petitioner filed a habeas corpus petition in the superior court.  Lodged

11   Doc. 1.  The petition was denied in a written order on June 28, 2012.  Lodged Doc. 2.  On August

12   14, 2012, petitioner filed an identical petition in the California Court of Appeal.  Lodged Doc. 3.

13   That petition was summarily denied on August 30, 2012.  Lodged Doc. 4.  On September 9, 2012,

14   petitioner filed a petition for review in the California Supreme Court.  Lodged Doc. 5.  That

15   petition was denied on October 24, 2012.  Lodged Doc. 6 (California Supreme Court docket);

16   ECF No. 1 at 79 (Supreme Court order denying petition for review).

17         The instant federal petition was timely filed on November 11, 2012.

18                                   EXHAUSTION

19         Respondent contends that all of petitioner's claims are meritless, and that most of them are

20   unexhausted because not within the scope of the petition for review that was presented to the

21   California Supreme Court.

22         The Exhaustion Requirement

23         Habeas petitioners are required to exhaust state remedies before seeking relief in federal

24   court.  28 U.S.C. § 2254(b).  The exhaustion doctrine ensures that state courts will have a

25   meaningful opportunity to consider allegations of constitutional violations without interference

26   from the federal judiciary.  Rose v. Lundy, 455 U.S. 509, 515 (1982); see also Farmer v. Baldwin,

27   497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to

28   afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a

2

1   federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254,

2   257 (1986)).

3          A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state

4   court all federal claims before presenting them to the federal court.  See Baldwin v. Reese, 541

5   U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270,

6   276 (1971).  A federal claim is fairly presented if the petitioner has described the operative facts

7   and the federal legal theory upon which his claim is based.  See Wooten v. Kirkland, 540 F.3d

8   1019, 1025 (9th Cir. 2008) ("Fair presentation requires that a state's highest court has 'a fair

9   opportunity to consider . . . . and to correct [the] asserted constitutional defect.'"); Lounsbury v.

10  Thompson, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting Picard, 404 U.S. at 276); Weaver

11  v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

12         Analysis

13         The petition filed in this court is substantively identical to the petitions that were

14  presented to the Sacramento County Superior Court and California Court of Appeal.  Each of

15  these petitions initially identifies the same two claims: (1) a broad claim of ineffective assistance

16  of counsel, and (2) a claim that petitioner's constitutional rights were violated by the untimely

17  amendment of the complaint, and counsel's ineffective failure to object.  Compare ECF No. 1 at

18  14; Lodged Doc. 1 at AGO-00009; Lodged Doc. 3 at AGO-00077.  The three petitions are

19  supported by an identical statement of facts and memorandum of points and authorities.[3]  The

20  exhibits are also identical.  The statement of facts and supporting argument detail the acts and

21  omissions of counsel that are alleged to have been ineffective.  Included in the points and

22  authorities regarding ineffective assistance are allegations that the prosecutor failed to produce

23  favorable evidence in violation of due process, with citation to Brady v. Maryland, 373 U.S. 83

24  (1963).  ECF No. 1 at 38-40; Lodged Doc. 1 at AGO-00031-33; Lodged Doc. 3 at AGO-00099-

25  00101.

26         Petitioner sought review in the California Supreme Court by filing a petition for review of

27  _____

28  [3]  Comparison of typeface and pagination demonstrates that the same document was reproduced
    for submission with each petition.

3

the Court of Appeal's decision, rather than submitting his habeas petition directly to the Supreme Court.[4]  Petitioner requested review of the following issues:

1.  Violation of defendants Fifth, Sixth, Eighth and Fourteenth Constitutional [Amendment] Rights due to Ineffective Counsel.

2.  Violation of defendants Fifth, Sixth and Fourteenth [Amendment] Rights due to untimely amendment to the information, due to petitioners counsel(s) deficient performance, and courts allowance of counsels performance.

3.  Violation of defendants constitutional rights by the prosecuting attorney, under the Brady Clause, for not disclosing exculpatory evidence.

Lodged Doc. 5 at AGO-00158-59.

The petition for review expressly sought the California Supreme Court's consideration of all issues previously presented to the lower courts.  Id. at AGO-00161 ("The petitioner ask[s] the supreme court to review the petitioners writ of habeas corpus. . .  In any case the petitioner ask[s] the court to review his writ that states the many potential violations of his constitutional rights.")  Petitioner argued that the state Supreme Court should review the habeas petition because the Court of Appeal had summarily affirmed the Superior Court, which had not addressed the constitutional issues in its ruling.  Id. at AGO-00159.  The California Supreme Court docket reflects that the Court of Appeal record was requested and received prior to the ruling on the petition for review.  Lodged Doc. 6.  Accordingly, all the issues that had been presented to the Court of Appeal and are presented here, as well as their detailed factual and legal basis, were before the California Supreme Court.

Respondent argues here, in essence, that petitioner's failure to reproduce all the factual allegations and legal arguments related to his claims in the body of his petition for review renders the claims unexhausted.  This argument is unpersuasive.  Petitioner specified that he sought

---

[4]  Under California's "original writ" system, a prisoner seeking review of a lower court's denial of a habeas petition generally files another habeas petition, rather than a notice of appeal, in the relevant appellate court.  Velasquez v. Kirkland, 639 F.3d 964, 966 n.1 (9th Cir.) (citing Carey v. Saffold, 536 U.S. 214, 221-222 (2002)), cert. denied, 132 S.Ct. 554 (2011).  Following the denial of habeas relief in the intermediate appellate court, the California Supreme Court will consider *either* an original petition for habeas corpus or a petition for hearing in the Supreme Court.  In re Reed, 33 Cal. 3d 914, 918 n.2 (1983).

1  California Supreme Court review of each of the claims that had been presented to the lower state

2  courts in his habeas petition.  He identified those claims in the California Supreme Court using

3  the same language with which he had identified them in his habeas petition.  On the facts and

4  circumstances presented here, the court finds that petitioner's request for review gave the

5  California Supreme Court a fair opportunity to consider and to correct the alleged constitutional

6  violations asserted in his habeas petition.  The claims should therefore be ruled exhausted.

7  Accordingly, the undersigned turns to the merits.[5]

8  <u>STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA</u>

9      28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of

10 1996 ("AEDPA"), provides in relevant part as follows:

11
12     (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

13

14     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

15
16     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

17

18     The statute applies whenever the state court has denied a federal claim on its merits,

19 whether or not the state court explained its reasons.  <u>Harrington v. Richter</u>, 131 S. Ct. 770, 785

20 (2011).  State court rejection of a federal claim will be presumed to have been on the merits

21 absent any indication or state-law procedural principles to the contrary.  <u>Id.</u> at 784-785 (citing

22 <u>Harris v. Reed</u>, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is

23 unclear whether a decision appearing to rest on federal grounds was decided on another basis)).

24 "The presumption may be overcome when there is reason to think some other explanation for the

25 state court's decision is more likely."  <u>Id.</u> at 785.

26     The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal

27
28     [5]  Even if any claims were unexhausted, it would be proper for this court to deny them on the merits.  28 U.S.C.  2254(b)(2).

5

1  principle or principles" previously articulated by the Supreme Court.  Lockyer v. Andrade, 538

2  U.S. 63, 71-72 (2003).  Clearly established federal law also includes "the legal principles and

3  standards flowing from precedent."  Bradley v. Duncan, 315 F.3d 1091, 1101 (9th Cir. 2002)

4  (quoting Taylor v. Withrow, 288 F.3d 846, 852 (6th Cir. 2002)).  Only Supreme Court precedent

5  may constitute "clearly established Federal law," but circuit law has persuasive value regarding

6  what law is "clearly established" and what constitutes "unreasonable application" of that law.

7  Duchaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044,

8  1057 (9th Cir. 2004).

9      A state court decision is "contrary to" clearly established federal law if the decision

10  "contradicts the governing law set forth in [the Supreme Court's] cases."  Williams v. Taylor, 529

11  U.S. 362, 405 (2000).  A state court decision "unreasonably applies" federal law "if the state

12  court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to

13  the facts of the particular state prisoner's case."  Id. at 407-08.  It is not enough that the state court

14  was incorrect in the view of the federal habeas court; the state court decision must be objectively

15  unreasonable.  Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

16      Review under § 2254(d)(1) is limited to the record that was before the state court.  Cullen

17  v. Pinholster, 131 S. Ct. 1388, 1398 (2011).  The question at this stage is whether the state court

18  reasonably applied clearly established federal law to the facts before it.  Id.  In other words, the

19  focus of the § 2254(d) inquiry is "on what a state court knew and did."  Id. at 1399.  Where the

20  state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the

21  state court's actual reasoning" and "actual analysis."  Frantz v. Hazey, 533 F.3d 724, 738 (9th

22  Cir. 2008) (en banc).  A different rule applies where the state court rejects claims summarily,

23  without a reasoned opinion.  In Richter, supra, the Supreme Court held that when a state court

24  denies a claim on the merits but without a reasoned opinion, the federal habeas court must

25  determine what arguments or theories may have supported the state court's decision, and subject

26  those arguments or theories to § 2254(d) scrutiny.  Richter, 131 S. Ct. at 786.

27      Relief is also available under AEDPA where the state court predicated its adjudication of

28  a claim on an unreasonable factual determination.  Section 2254(d)(2).  The statute explicitly

1   limits this inquiry to the evidence that was before the state court.  Id.  An unreasonable

2   determination of facts exists where, among other circumstances, the state court made its findings

3   according to a flawed process -- for example, under an incorrect legal standard, or where

4   necessary findings were not made at all, or where the state court failed to consider and weigh

5   relevant evidence that was properly presented to it.  See Taylor v. Maddox, 366 F.3d 992,

6   999-1001 (9th Cir.), cert. denied, 543 U.S. 1038 (2004).  A state court's factual conclusion can

7   also be substantively unreasonable where it is not fairly supported by the evidence presented in

8   the state proceeding.  See, e.g., Wiggins, 539 U.S. at 528.

9                          PETITIONER'S CLAIMS FOR RELIEF

10  I.        Ineffective Assistance of Counsel

11       A.   The Allegations

12       Petitioner alleges that counsel provided ineffective representation in several ways.  First,

13  petitioner alleges that his first lawyer, Mike Wise, and his second lawyer, Stephen Nelson, both

14  failed to seek and obtain reduction of the excessive bail amount that had been set by the superior

15  court.  ECF No. 1 at 19-20, 32-35.  Petitioner alleges that he was held on a misdemeanor charge,

16  for which the $300,000 bail amount was excessive.  Id. at 19.  He claims that his pretrial

17  detention prevented him from mounting a better defense and gave the prosecution an unfair

18  advantage, resulting in a plea that was "coerced" and entered "under duress."  Id. at 35.

19       Second, petitioner alleges that counsel failed to investigate potential defenses.  Petitioner

20  claims that the "alleged victim" was someone with whom he had both a business and a personal

21  relationship, and who had left him voice-mail messages threatening to make up charges against

22  him because he had given her a bad check.  According to petitioner, this individual was trying to

23  cover up her own unlawful financial dealings.  Id. at 19-25, 36-38.  Counsel failed to investigate

24  and present this exculpatory evidence.  Id.  Petitioner also alleges that counsel failed to obtain

25  necessary (but unspecified) discovery from the prosecution.  Id. at 36, 38.

26       Third, petitioner's allegations regarding the plea negotiation process suggest that counsel

27  gave unreasonable advice, failed to secure a more favorable plea agreement, and/or coerced

28  petitioner's plea.  Petitioner recounts that he was under federal investigation for "potential

7

1    mistakes he may have made, while starting up his business," ECF No. 1 at 18, when initially

2    charged with a state misdemeanor.   On the day after petitioner's initial appearance, counsel told

3    him, "The D.A. is offering a deal in which, if you (defendant) enter a plea of guilty to the main

4    allegation of an incident of fraud totaling $200,000, the D.A. was willing to drop other

5    allegations, and give you (defendant) 5 years with half time." Id. at 20.  The same offer was

6    repeated by successor counsel, with the additional information that petitioner would be looking at

7    a longer sentence if the case was charged federally. Id. at 23.  Counsel told petitioner that "[t]he

8    D.A. was not going to offer anything else." Id.  Counsel advised petitioner to act quickly in order

9    to prevent federal prosecution. Id. at 25.  Petitioner eventually agreed to accept the offer, "in light

10   of conversations with [counsel], along with their unwillingness to investigate any evidence to

11   establish a defense, and along with an unwillingness to negotiate a better deal and fear of Federal

12   Prosecution. . ." Id. at 26.

13           B.  The Clearly Established Federal Law

14           To establish a constitutional violation based on the ineffective assistance of counsel, a

15   petitioner must show (1) that counsel's representation fell below an objective standard of

16   reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v.

17   Washington, 466 U.S. 668, 692, 694 (1984).  Prejudice means that the error actually had an

18   adverse effect on the defense.  There must be a reasonable probability that, but for counsel's

19   errors, the result of the proceeding would have been different. Id. at 693-94.  In the context of a

20   guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's

21   errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v.

22   Lockhart, 474 U.S. 52, 59 (985).

23           C.  The State Court's Ruling

24           Because the California Supreme Court denied review without comment, ECF No. 1 at 79,

25   this court "looks through" the silent denial to the last reasoned state court decision. See Ylst v.

26   Nunnemaker, 501 U.S. 797 (1991).  Because the superior court issued the only reasoned decision

27   adjudicating the claim, that is the decision reviewed for reasonableness under § 2254(d). See

28   Bonner v. Carey, 425 F.3d 1145, 1148 n.13 (9th Cir. 2005).

1    The superior court ruled as follows:

2        In the habeas petition, petitioner claims that defense counsel was
         ineffective in not getting his excessive bail reduced. He claims that
3        this kept him from gaining his freedom so that he could mount a
         better defense, and that with the threat of federal prosecution he
4        was coerced to enter his change of plea under duress.

5        Petitioner, however, was in no position any different from any other
         pretrial detainee unable to raise bail. Petitioner could have filed a
6        petition for writ of habeas corpus, in pro per, while being held
         pretrial in jail, to seek a reduction of the bail. He is too late to now
7        seek a remedy of reduction of bail, because he is now a sentenced
         prisoner in the matter.
8
         Regardless, a habeas corpus petition must state with particularity
9        the facts upon which the petitioner is relying to justify relief (In re
         Swain (1949) 34 Cal.2d 300), and be supported by reasonably
10       available documentary evidence or affidavits (In re Harris, (1993) 5
         Cal.4th 813, 827 fn. 5). Petitioner, however, does neither. He does
11       not detail what evidence he expected to gather on his own, had he
         been released from jail on bail, that would have been reasonably
12       likely to have convinced him not to enter into a highly favorable
         plea bargain in which he was able to avoid multiple charges
13       involving 18 uncharged victims that could have led to a prison
         sentence many time the five-year sentence he received under the
14       plea bargain.  Nor does he attach any reasonably available
         documentary evidence to show that evidence he expected to gather
15       on his own if release from jail. As such, he fails to set forth a prima
         facie case for relief (Strickland v. Washington (1984) 466 U.S.
16       668; In re Bower (1985) 38 Cal.3d 865).

17       Petitioner also appears to claim that defense counsel was ineffective
         in failing to conduct a pretrial investigation and uncover defense
18       evidence.

19       Again, however, petitioner fails to detail what that evidence would
         have been, that would have been reasonably likely to have
20       convinced him not to enter into his highly favorable plea bargain,
         nor does he attach documentary evidence of that evidence,
21       requiring denial under Strickland and Bower.

22   Lodged Doc. 2 at 1-2.

23       D.  Objective Reasonableness Under § 2254(d)

24       The state courts' rejection of petitioner's Strickland claim was not objectively

25   unreasonable. Even if counsel performed unreasonably in seeking to reduce the bail amount, any

26   error cannot have affected the outcome of the case. See Strickland, 466 U.S. at 697. Petitioner's

27   theory that his release on bail would have resulted in better investigation and thus a better

28   outcome is entirely speculative. Speculation about the existence of exculpatory evidence is not

9

1    enough to establish prejudice.  Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997); see also

2    Hendricks v. Calderon, 70 F.3d 1032, 1042 (1995) ("Absent an account of what beneficial

3    evidence investigation into any of these issues would have turned up, [petitioner] cannot meet the

4    prejudice prong of the Strickland test.").  Accordingly, petitioner's claim necessarily fails for lack

5    of prejudice.  See Strickland, 466 U.S. at 697.

6           Moreover, the superior court correctly noted that a challenge to bail is not cognizable

7    when brought by a sentenced prisoner.  The federal rule is the same.  See Murphy v. Hunt, 455

8    U.S. 478, 481-82 (1982) (claim of entitlement to pretrial bail is rendered moot by fact of

9    conviction).[6]

10          Petitioner's allegations regarding counsel's failure to investigate also fail to state a prima

11   facie claim under Strickland.  Petitioner claims that he had voice mail messages from his accuser,

12   Ms. Walling,[7] threatening to bring false charges against him.  He alleges that his financial

13   dealings with Walling were legitimate, and that she was involved in financial misconduct.  ECF

14   No. 1 at 19, 21-23.  Petitioner alleges that Walling falsely accused him in order to protect herself

15   from prosecution, and for reasons related to their "physical relationship."  Id. at 24-25.  Even if

16   such evidence provided a potential defense to the single charge to which petitioner pled guilty,

17   there is no reason to think that it would have changed petitioner's exposure related to other

18   instances of fraud involving 17 or 18 additional victims.  See ECF No. 1 at 60 (transcript of

19   change of plea hearing).  The plea bargain spared petitioner from being charged with fraud in

20   relation to those additional victims, spared him from federal prosecution, and spared him from a

21   sex offense conviction carrying a lifetime registration requirement.  See ECF No. 1 at 64

22   (transcript of change of plea hearing), 67 (amended complaint).  Particularly in light of this

23   context, the superior court's rejection of the claim was eminently reasonable.  See Strickland, 466

24

25   [6]  Even if such a claim were cognizable in state court, petitioner could not pursue it here.  The
     federal habeas statute provides a remedy only for those prisoners whose present custody (or
26   custody at the time of filing) violates federal law.  28 U.S.C. § 2254(a).  Petitioner's recent
     custody flowed from his conviction, not from his pretrial inability to post bail.
27   [7]  Petitioner refers to his accuser as Shannon Welling.  E.g., ECF No. 1 at 24.  The correct
     spelling of her name is Walling.  Id. at 60 (transcript of change of plea hearing).
28
                                                      10

1    U.S. at 697 (lack of prejudice fatal to claim).[8]

2           The superior court did not separately address, as an independent ground for relief, the

3    theory that counsel coerced petitioner's guilty plea.  Because the coercion theory is based on

4    counsel's failure to secure petitioner's pretrial release and to investigate Ms. Walling, however, it

5    fails for the reasons already explained.  As the superior court accurately noted, petitioner obtained

6    a "highly favorable plea bargain."  The change of plea hearing included a thorough inquiry into

7    the voluntariness of the plea.  ECF No. 1 at 60-62.  The petition acknowledges that no other, more

8    favorable plea bargain was ever available, and that petitioner took the deal because he was facing

9    the possibility of federal prosecution on charges related to numerous other victims.  Under any

10   standard of review, the ineffective assistance claim therefore fails for lack of a prima facie

11   showing.

12          II.      Prosecutorial Failure To Disclose Exculpatory Evidence

13                   A.   Petitioner's Allegations

14          In the context of his ineffective assistance of counsel claim, petitioner alleges that the

15   prosecutor failed to produce exculpatory evidence in discovery.  ECF No. 1 at 38-40.  He claims

16   that the prosecutor "had to be aware" that petitioner's "accuser" had been making illegal

17   withdrawals and transfers from a niece's trust account.  Id. at 40.  "There is a reasonable

18   probability that the prosecutor had or was aware that through investigation that there was

19   information that would have provided exculpatory evidence, and in the least, evidence refuting

20   the amount ($200,000) that was being brought on the indictment to the defendant.  Prosecutor

21   awareness stems from the DOJ, and the Department of Homeland Security's investigation."  Id.

22

23   ─────────────
     [8]  To the extent petitioner alleges failure to investigate a purported misdemeanor charge under
24   Cal. Penal Code § 314.1 (indecent exposure), see ECF No. 1 at 37, no factual predicate is set forth
     in the petition.  A felony charge under § 314.1 was dismissed as part of the plea bargain.  The
25   underlying investigation focused on financial crimes.  To the extent that counsel told petitioner he
     didn't need to worry about the sex offense because the prosecutor really cared about the fraud, id.,
26   that position was not unreasonable.  On the contrary, it was an accurate prediction that foretold
     the dismissal of the sex count as part of the plea bargain.  To the extent (if any) that Ms.
27   Walling's alleged threats to bring false charges were related to indecent exposure rather than
     fraud, the claim fails for lack of prejudice.  Because petitioner was not convicted of indecent
28   exposure, the failure to investigate it did not lead to a constitutionally infirm conviction.

                                                    11

B. The Clearly Established Federal Law

Prosecutorial suppression of exculpatory evidence violates a criminal defendant's due process rights. Brady v. Maryland, 373 U.S. 83 (1963). A Brady violation has three components: "[1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 281-82 (1999); see also Banks v. Dretke, 540 U.S. 668, 691 (2004). In order to establish prejudice, petitioner must demonstrate that "'there is a reasonable probability' that the result of the [proceeding] would have been different if the suppressed documents had been disclosed to the defense." Strickler, 527 U.S. at 289.

C. The State Court's Ruling

Because the superior court issued the only reasoned decision adjudicating the claim, that is the decision reviewed for reasonableness under § 2254(d). See Bonner, 425 F.3d at 1148 n.13. The superior court ruled as follows:

> Petitioner next discusses the prosecutor's duties with regard to discovery, but never sets forth any actual claims of any error with regard to discovery. Petitioner does otherwise admit that his counsel had received 2800 pages of discovery that include information about numerous uncharged crimes that could have been brought against petitioner. As there is no claim and no apparent error with regard to discovery, whatever petitioner is attempting to raise is denied.

Lodged Doc. 2 at 2.

D. Objective Unreasonableness Under § 2254(d)

The state court's rejection of this claim was not unreasonable. The petition does not specify any particular exculpatory evidence that was suppressed by the state. Petitioner alleges that the prosecutor "must have known" of Walling's own misconduct, but this speculation is insufficient to state a prima facie Brady claim. More fundamentally, information known to the defense cannot form the predicate for a Brady claim. See United States v. Dupuy, 760 F.2d 1492, 1502 n. 5 (9th Cir. 1985). Because petitioner was aware of Walling's alleged misconduct at the time of his plea, the prosecutor cannot have violated due process by failing to disclose it.

12

1    Moreover, a Brady claim requires proof of prejudice.  Evidence is material under Brady

2    "when there is a reasonable probability that, had the evidence been disclosed, the result of the

3    proceeding would have been different."  Cone v. Bell, 556 U.S. 449, 469-70 (2009) (citing United

4    States v. Bagley, 473 U.S. 667, 682 (1985)).  For the same reasons discussed in relation to the

5    ineffective assistance of counsel claim, petitioner has not made any such showing.

6    The superior court accurately noted the petition's acknowledgement that the defense

7    received 2800 pages of discovery regarding fraudulent activity involving multiple victims.  The

8    petition also acknowledges that petitioner was under investigation by federal authorities for

9    financial crimes.  As discussed above, the record supports the superior court's finding that

10   petitioner received the benefit of a highly favorable plea bargain.  The facts alleged in the petition

11   do not support a finding that withheld impeachment evidence was material to petitioner's decision

12   to plead guilty.  Accordingly, the superior court acted reasonably in summarily rejecting this

13   claim.  Even without application of AEDPA deference, the claim would be subject to summary

14   denial as meritless.

15   III.    Amendment of the Complaint

16       A.  Petitioner's Allegations

17   The exhibits to the petition establish the following facts.  Pursuant to the plea bargain, a

18   two-count amended complaint was filed at the time of the change of plea hearing.  Petitioner pled

19   no contest to Count Two and the related enhancement, and Count One was dismissed.  ECF No. 1

20   at 58-59 (transcript of change of plea hearing), 67-68 (amended complaint).

21   Petitioner contends that his federally-guaranteed right to a fair trial was violated by the

22   "untimely amendment to the information."  ECF No. 1 at 41.

23           During the proceeding the D.A. advised the court there was a
             resolution, and the state was going to amend new charges of 532a
24           and an enhancement 1226.1, as well as dismissing the pending
             misdemeanor 314.1. . . .  Mr. Norman stipulated he did agree to the
25           amendment.  The D.A. the informed the court that the amendment
             would be filed later.
26

27   Id. at 26-27.

28   Petitioner contends that this amendment at the change of plea stage deprived him of notice

13

1    of the charges against him.  Id. at 42-45, 47-48.  He contends further that the untimely

2    amendment violated California law.  Id. at 45.

3         B.   The Clearly Established Federal Law

4         A guilty plea is not valid unless it "represents a voluntary and intelligent choice among the

5    alternative courses of action open to the defendant.'"  Hill v. Lockhart, 474 U.S. 52, 56 (1985).  A

6    plea "does not qualify as intelligent unless a criminal defendant first receives 'real notice of the

7    true nature of the charges against him . . . .'"  Bousley v. United States, 523 U.S. 614, 618 (1998)

8    (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).  Typically, "the record contains either an

9    explanation of the charge by the trial judge, or at least a representation by defense counsel that the

10   nature of the offense has been explained to the accused."  Henderson v. Morgan, 426 U.S. 637,

11   647 (1976).  But "even without such an express representation [by counsel], it may be appropriate

12   to presume that in most cases defense counsel routinely explain the nature of the offense in

13   sufficient detail to give the accused notice of what he is being asked to admit."  Id.

14        C.   The State Court's Ruling

15        The superior court, which issued the only reasoned decision on petitioner's claims, ruled

16   as follows:

17              Petitioner next claims a denial of due process in the accusatory
                pleading being amended when he entered into the plea bargain and
18              was sentenced on the same day.  He claims this left him without
                adequate notice of the charges.
19

20              Petitioner, however, admits that his defense counsel had met with
                him several times before the change of plea hearing to discuss the
21              plea bargain with him.  He knew during that time that he had only
                been charged with a felony count of Penal Code § 314(1) with a
22              prior and that he had not yet been charged with fraud and other
                charges regarding numerous victims, including the charged victim
23              with a claimed $200,000 loss, but that the prosecutor was planning
                on bringing additional charges based on the fraud and that the
24              federal authorities were also considering prosecuting him for
                numerous offenses.  He knew before entering the courtroom, for the
25              change of pleas hearing, that the accusatory pleading was going to
                be amended to charge the Penal Code § 532(a) offense and its
26              attaching enhancement and that he would be admitting that charge
                and enhancement, having the charged Penal Code § 314(1) count
27              dismissed, and be promised that he would not be prosecuted on any
                of the other possible charges.  And, at the onset of the hearing, the
28              People moved to amend the criminal complaint to add the Penal
                Code § 532 (a) charge and its enhancement, thereby giving him

                                          14

formal notice of the charge and enhancement.  Petitioner attaches a copy of the reporter's transcripts of the change of plea hearing, showing that the factual basis for the plea, before he entered the change of plea.  Petitioner could have rejected the bargain and pleaded not guilty, if he felt he needed more time to study the exact language of the charges, but instead he accepted the bargain and even asked for immediate sentencing.  His due process rights were not violated, and his claim on habeas corpus fails (Bower, supra).

Petitioner also appears to claim some sort of error in his belief that he was originally charged with a misdemeanor violation of Penal Code § 314 (1), and that amending the complaint, which he erroneously refers to as an "information," to charge it as a felony somehow violated his rights.

Whatever claim petitioner is attempting to set forth in this regard fails at the outset, as the original criminal complaint charged that he "did commit a felony" violation of Penal Code § 314 (1), due to his previous similar conviction in 2003 in Sacramento County Superior Court.  This was a felony case at the very onset.

The petition is meritless and therefore is denied.

Lodged Doc. 2 at 2-3.

D.  Objective Unreasonableness Under § 2254(d)

The state court's adjudication of this claim was not unreasonable.  First, the state court accurately recounts the pertinent facts acknowledged in the petition and established by the change of plea transcript.  It is reasonable to conclude from this record that petitioner understood prior to his change of plea hearing exactly what charges would be stated in the amended petition.[9]  The filing of an amended charging document in relation to a negotiated plea is neither unusual nor constitutionally problematic.  Because the record supports a finding that petitioner had notice of the charges, the superior court's rejection of the claim may not be disturbed.

The superior court also rejected petitioner's factual representation that he had been initially charged with a misdemeanor charge of indecent exposure.  Petitioner does not attach as exhibits, and respondent does not provide, any charging documents that preceded the amended complaint.  However, the minute order log that documents the plea and sentencing (Exhibit D to

---

[9]  It bears repeating that the petition alleges counsel first told petitioner on the day after his initial appearance that he could plead guilty to a single $200,000 instance of fraud and secure dismissal of all other charges.  ECF No. 1 at 20.  That is exactly what happened, and what the amended complaint was intended to accomplish.

15

1   the petition) reflects the status of the case prior to the motion to amend.  This document bears a

2   felony case number (11F02287) and indicates that the complaint contained a single court of

3   indecent exposure.  ECF No. 1 at 70.  This document is thus consistent with the superior court's

4   characterization of the original complaint.

5         At the change of plea hearing there was reference to dismissal of unspecified "pending

6   misdemeanors."  Id. at 59, 64.  Neither petitioner nor respondent has provided documentation or

7   clear explanation of the referenced misdemeanor charges.  Even if petitioner had been charged at

8   some point with a misdemeanor violation of Penal Code § 314(1), however, that would have no

9   effect on the merits of this claim.  Because petitioner had notice of the felony charges against

10  him, and ample opportunity to consider the plea bargain and discuss it with counsel, the filing of

11  an amended complaint on the date of the change of plea did not violate his rights.  The state

12  court's denial of this claim is entitled to deference.

13        IV.   Additional Claims Presented In The Traverse

14        In the Points and Authorities in support of his traverse, petitioner raises a claim of error

15  under Cunningham v. California, 549 U.S. 270 (2007) (requiring that facts supporting sentencing

16  enhancement be found by jury, not judge).  ECF No. 14-1 at 1-3.  This court will not consider

17  claims raised for the first time in the traverse.  Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th

18  Cir. 1994).  Moreover, this claim is unexhausted.  It was not part of the state habeas petition,

19  review of which was sought in the California Supreme Court.  See Lodged Docs. 1, 3, 5.  Finally,

20  the claim is frivolous.  Petitioner pleaded no contest and admitted the sentencing enhancement.

21  ECF No. 1 at 62-63.  The "proof beyond a reasonable doubt" standard and right to a jury trial

22  therefore do not apply.

23        The traverse also alleges that the trial court violated state law regarding sentencing

24  procedure, specifically by pronouncing sentence without the benefit of a probation report and

25  adversarial hearing.  ECF No. 14-1 at 3-5.  This claim is unexhausted.  It is also not cognizable in

26  this court, because it is based on California law.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990)

27  (habeas relief does not lie for errors of state law).  Moreover, the claim is frivolous in that

28  petitioner waived his right to have the matter referred to the probation department, and

1 | affirmatively requested immediate sentencing pursuant to the plea agreement.  ECF No. 1 at 63.

2 | CONCLUSION

3 |      For all the reasons explained above, the state court's denial of petitioner's claims was not

4 | objectively unreasonable within the meaning of 28 U.S.C. § 2254(d).  All claims are meritless

5 | under any standard of review.  Accordingly, IT IS RECOMMENDED that the petition for writ of

6 | habeas corpus be denied.

7 |      These findings and recommendations are submitted to the United States District Judge

8 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

9 | after being served with these findings and recommendations, any party may file written

10 | objections with the court and serve a copy on all parties.  Such a document should be captioned

11 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12 | shall be served and filed within fourteen days after service of the objections.  The parties are

13 | advised that failure to file objections within the specified time may waive the right to appeal the

14 | District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 | DATED: November 18, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

17